# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN A. POGUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2028 TIA |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's submission of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On its face, the petition appears to be time-barred. As a result, the Court will order petitioner to show cause why this action should not be summarily dismissed.

Petitioner was adjudged to be a sexually violent predator on April 23, 2009. In the Matter of the Care and Treatment of Kevin Pogue, No. 08RE-PR00005 (42nd Judicial Circuit, Reynolds County). Petitioner appealed, and the Missouri Court of Appeals affirmed. The appellate court issued its mandate on July 23, 2010. In the Matter of the Care and Treatment of Kevin Pogue, No. SD29883, 315 S.W.3d 399 (Mo. Ct. App. 2010). Petitioner did not seek review by the Missouri Supreme Court. Thereafter, petitioner did not file any motion for post-conviction relief or petition for writ of habeas corpus in the state courts.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Sua sponte dismissal of a time-barred habeas petition is appropriate; however, petitioner must be given notice prior to the dismissal. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006) .

Petitioner's one-year period of limitations began running on July 23, 2010, the date on which the Missouri Court of Appeals issued its mandate. <u>Riddle v. Kemna</u>, 523 F.3d 850, 856 (8th Cir. 2008). Petitioner did not file his federal petition for writ of habeas corpus until at least November 4, 2011, which appears to be the day on which he placed it in the prison mail system. Plaintiff filed his federal petition, therefore, more than three months after the limitations period ended.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and no later than thirty (30) days from the date of this Memorandum and Order, why this action should not be dismissed as time-barred.

Dated this __19th__ day of December, 2011.

                                                    /s/ Terry I. Adelman
                                        UNITED STATES MAGISTRATE JUDGE